FILED
2023 Sep-21 PM 12:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY DEJUAN WILLIAMS** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **2:22-cv-08020-LSC** |
| | ) | **(2:15-cr-00427-LSC-SGC-1)** |
| **UNITED STATES OF AMERICA** | ) | **(2:15-cr-00283-LSC-HGD-15)** |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM OF OPINION**

Petitioner Anthony DeJuan Williams ("Williams") filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) This Court has conducted a review of the motion and determines that it is due to be denied and this action dismissed.

## I. Background

On September 27, 2016, Williams appeared for his sentencing as to six counts: one count of conspiracy to distribute or possess with the intent to distribute a mixture and substance containing a detectable amount of heroin and a mixture and substance containing a detectable amount of cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(a)(1), three counts of use of a communication facility to commit a felony drug trafficking crime in violation of 21 U.S.C. § 843(b), one count of

possession with the intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1), and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Crim. Doc. 26 at 1.)

This Court sentenced Williams to 293 months as to Count 1 and 48 months as to Counts 19, 64, and 66 in case 2:15-cr-00283-LSC-HGD-15 and 293 months as to count 1 and 120 months as to Count 3 in 2:15-cr-00427-LSC-SGC, separately, with each count to be served concurrently with the other. Total incarceration time is 293 months. (*Id*. at 2.)

Williams filed his first motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 on April 18, 2018. (*See* 2:18-cv-08013-LSC at Doc. 1.) This Court denied that motion on June 3, 2019. (*Id.* at Doc. 10.) Williams filed the current motion on June 6, 2022.[1]

## II. Discussion

### A. Second and Successive

This is Williams' second motion filed pursuant to § 2255. It, like the previous motion, is due to be denied. 28 U.S.C. § 2255(h) requires Williams to follow the procedures of 28 U.S.C. § 2244(b)(3)(A), which states that before a second or

---

[1] Applying the "mailbox rule," the Eleventh Circuit deems a prisoner's § 2255 motion as filed upon the "date that he delivered it to prison authorities for mailing, presumptively, . . . the day that he signed it." *Jones v. United States*, 304 F.3d 1035, 1038 n.7 (11th Cir. 2002) (per curiam).

successive § 2255 motion may be filed, the petitioner must first obtain an order from the Eleventh Circuit authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without the Eleventh Circuit's authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). The US Government responded to this second petition accurately stating that Williams has "not obtained authorization from the Eleventh Circuit Court of Appeals to bring a successive motion to vacate before the district court." (Doc. 3 at 1.) Thus, Williams' motion is due to be dismissed for lack of jurisdiction.[2]

### B. Merits

Williams alleges only one ground in his second § 2255 petition: "unconstitutional denial of opportunity to appeal because of ineffective assistance of counsel." (Doc. 1 at 5.) He states that his trial counsel "fail[ed] to file [his] direct appeal and his "appellate counsel . . . failed to follow [his] instructions to file my direct appeal." (*Id.*) These statements have no merit. His two underlying criminal cases[3] were both appealed to the Eleventh Circuit and the decision of this Court was

---

[2] Although not raised by the parties, this Court points out that absent the second and successive issue, this motion is untimely. This motion was filed nearly seven years after his judgment, which is far past the one-year statute of limitations articulated in 28 U.S.C. § 2255(f).

[3] *See* 2:15-cr-00283-LSC-HGD-15 and 2:15-cr-00427-LSC-SGC-1.

affirmed as to both of those. *See U.S. v. Williams*, No. 16-16444. Thus, his cases *were* appealed and there was no denial of opportunity to appeal as Williams alleges.

To the extent he is alleging that his trial and appellate counsel were ineffective, the opportunity to raise this issue has passed. The Eleventh Circuit decision was entered on September 20, 2017. (*Id*.) Williams first § 2255 motion was filed on April 18, 2018, in which he represented himself. (*See* 2:18-cv-08013-LSC) Williams was certainly aware of any counsel issues at the trial or appellate level since his first petition was submitted nearly seven months after his judgment became final. Thus, any issues relating to his counsel being ineffective needed to be in his first § 2255 motion. Therefore, although this claim is also successive as detailed above, it is barred additionally because the information was available to him over five years ago in his initial motion. *See Stewart v. United States*, 646 F.3d 856, 863 (11th Cir. 2011) (stating that a claim not brought in the initial petition is barred *unless* it is based on a "purported defect [that] did not arise, or [a] claim [that] did not ripen, until after the conclusion of the previous petition")

## III.   Conclusion

For the reasons stated above, this § 2255 motion (Doc. 1) is due to be denied and this case dismissed with prejudice for lack of jurisdiction.

Additionally, to the extent this dismissal necessitates a ruling on the certificate of appealability issue, one will not be issued by this Court. This Court may issue a

certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Williams' claims do not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Williams' motion, it is due to be denied.

    A separate order consistent with this opinion will be entered.

    **DONE** and **ORDERED** on September 21, 2023.

                                                   L. Scott Coogler
                                        United States District Judge

215708